■ RAINBOW ELECTRIC Co., INC., Respondent, v MARTIN BLOOM et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. BAMBOO OF CHINA CONSTRUCTORS, LTD., Doing Business as BAMBOO OF CHINA DESIGN AND CONSTRUCTION CORP., Defendant and Third-Party Defendant-Respondent-Appellant.—In an action to foreclose a mechanic's lien and to recover damages for breach of contract, (1) the defendants third-party plaintiffs Bloom and Slavin appeal (a) from a judgment of the Supreme Court, Queens County (Kaplan, J.H.O.), dated November 18, 1985, which is in favor of the plaintiff Rainbow Electric Co., Inc. (hereinafter Rainbow) in the principal sum of $12,286, and (b) from a judgment of the same court, also dated November 18, 1985, which is in favor of the defendant third-party defendant Bamboo of China Constructors, Ltd. (hereinafter Bamboo), in the principal sum of $18,583.35, after a nonjury trial, and (2) the defendant third-party defendant Bamboo cross-appeals from so much of the judgment in its favor as disallowed its claim for interest at the rate of 18% per annum.

Ordered, that the judgment in favor of Rainbow is modified, on the law and the facts, by reducing the amount awarded to the principal sum of $10,155; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment; and it is further,

Ordered that the judgment in favor of Bamboo is modified, on the law and the facts, by reducing the amount awarded to the principal sum of $16,243.75; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment.

We concur with the finding that the plaintiff Rainbow was entitled to recover on its mechanic's lien against the defendants Bloom and Slavin despite the absence of contractual privity *(see, Hartman v Travis,* 81 AD2d 692; Lien Law § 3). However, any recovery by Rainbow must be limited to the reasonable value of the work and materials supplied by Rainbow pursuant to its subcontract with Bamboo, less the amount of payments received on account. There was no evidence

admitted with respect to the defendants Bloom and Slavin which would justify an award against them for the extra work allegedly performed by Rainbow at the request of Bamboo, and, therefore, the judgment must be modified to delete any award for extra work.

With respect to Bamboo's cross claim against Bloom and Slavin, the credible evidence established that Bamboo completed 97% of the work required by its contract with them before its services were terminated, and is entitled to be compensated for that work regardless of the architect's failure to authorize Bamboo's last requisition for payment *(see, Arc Elec. Constr. Co. v Fuller Co.,* 24 NY2d 99). In addition, the defendants Bloom and Slavin were accountable to Bamboo for the materials supplied to them. pursuant to their written authorization. However, we find the trial court erred in awarding recovery against the defendants Bloom and Slavin for the claimed "extras" supplied by Bamboo and purportedly orally authorized by the architect, as the oral authorization was not binding on Bloom and Slavin *(see,* 22 NY Jur 2d, Contracts, § 266, at 123). Finally, as Bamboo conceded at trial, its recovery must be reduced by the amount previously awarded to Rainbow, and its judgment has been modified accordingly.

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.