■ PAMELA BARNETT, Respondent, v LEWIS S. BURGER, Appellant.—In a child support proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Nassau County (Mosca, J.), entered May 24, 1989, which overruled the father's objections to an order of the same court (Watson, H.E.), entered December 9, 1988, dismissing his application to compel the mother to contribute to the support of the parties' two children.

Ordered that the order is reversed, on the law, without costs or disbursements, the order entered December 9, 1988, is vacated, and the matter is remitted to the Family Court, Nassau County, for a determination to be had with all convenient speed, in accordance herewith.

The father brought this application in the Family Court, seeking to compel the mother to contribute to the support of the parties' two children. It is undisputed that she does not pay anything towards their support. At a hearing, the father presented evidence that his decreased income and the increased cost of the children's college educations constituted changed circumstances warranting a modification of the support provisions of the judgment of divorce (see, Family Ct Act § 461 [b] [ii] ). In addition, the father introduced an agreement between the parties, which stated that "The parties expressly acknowledge their desire to provide an education for the infant issue, to confer and consult with each other with regard to the education of the said infants, and at such time as the parties shall mutually agree to obligate themselves with regard to the educational costs of the said infant or infants with regard to a college education to the extent as they shall so agree".

The Family Court Hearing Examiner concluded that in order to make a decision on the father's application, she would have to interpret that agreement, and that she had no jurisdiction to do so. She therefore dismissed the application.

We do not agree that a determination of the application required an interpretation of the parties' agreement, and hold that it was within the Family Court's jurisdiction to address the appropriateness of a modification under the circumstances of this case. This agreement does not require either party to pay anything. Moreover, the father asserted on several occasions during the course of the Family Court hearing that he was not seeking to compel the mother to pay college expenses, but that he only wanted her to contribute to the children's support. That the children had transferred to expensive colleges was evidence of the father's changed circumstances which, the father argued, warranted his demand for relief. The agreement regarding college, the father emphasized, was only evidence of the fact that the parties wanted the children to be in college.

It was within the Family Court's jurisdiction to entertain the application under the circumstances of this case, as the court could have rendered an order with respect to support generally and need not have couched any award in terms of a specific obligation of the mother to pay college expenses per se. A modification, if justified, would therefore not involve an interpretation of the parties' agreement. Accordingly, the matter should be remitted to the Family Court for a determination of the father's application. Thompson, J. P., Kunzeman and Rosenblatt, JJ., concur.

Lawrence, J., dissents and votes to affirm the order, with the following memorandum: Initially, the Family Court properly determined that it had no jurisdiction to grant the father's request to enforce a provision in the parties' 1975 separate agreement dealing with the parties' obligations with regard to their children's college expenses (see, Matter of Brescia v Fitts, 56 NY2d 132, 139; Kleila v Kleila, 50 NY2d 277, 282). In any event, on appeal, the father now concedes that the provision did not impose any contractual obligation on the mother to contribute to the children's college expenses. Further, the Family Court had no jurisdiction to consider the father's request to modify the parties' 1982 agreement, which had transferred custody of the children to the father and provided that the mother was not required to pay any sums for the support of the children (see, Matter of Brescia v Fitts, supra, at 139).

Nevertheless, I agree with the majority that the Family Court Hearing Examiner could have rendered a determination with regard to the children's entitlement to receive adequate support from their mother, which right is not "eliminate[d]" by the existence of the separation and other agreements between the parents (see, Family Ct Act § 461 [a]; *Matter of Brescia v Fitts, supra,* at 139-141). However, remittitur to the Family Court is not necessary since this court can make a determination with regard to the father's request to compel the mother to contribute to the children's support.

A review of the record indicates that the father did not establish that there would be such a change in his financial circumstances that the children's needs would not be adequately met, and thus the children's best interests required the mother to contribute to their support. At the time of the father's application in May 1988, the children were both attending a local college, which he was able to pay for, and the daughter was residing with the mother. The events which triggered the application were the decisions made by the father and the children, without consulting the mother, that the children attend more expensive colleges in the fall of 1988 and the father's alleged prospective decrease in income. At the hearing, however, the father failed to present sufficient evidence establishing any prospective decrease in his income, or change in the children's lifestyles warranting any relief.

Accordingly, further proceedings on this application by the father are not warranted.