The Supreme Court properly denied the motion of the defendant Santiago Tigre to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. Expedient service was properly made pursuant to a prior order of the Supreme Court, Westchester County (*see, Solomon v Horie Karate Dojo*, 283 AD2d 479 [decided herewith]). Ritter, J. P., McGinity, H. Miller and Townes, JJ., concur.

· ■ MARK SOLOMON et al., Respondents, v SANTIAGO TIGRE, Appellant. [724 NYS2d 650] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered April 18, 2000, which granted the plaintiffs' motion for leave to effectuate expedient service upon him pursuant to CPLR 308 (5).

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the plaintiffs' motion for leave to effectuate expedient service upon the defendant pursuant to CPLR 308 (5) (*see, Solomon v Horie Karate Dojo*, 283 AD2d 479 [decided herewith]). Ritter, J. P., McGinity, H. Miller and Townes, JJ., concur.

■ MATTHEW J. SPARACIO, Appellant, v MARILYN SPARACIO, Respondent. [724 NYS2d 204] —In an action to recover damages for fraud and breach of contract, the plaintiff appeals from an

order of the Supreme Court, Rockland County (Meehan, J.), dated July 5, 2000, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The parties, former husband and wife, were divorced in 1993. By separation agreement dated May 17, 1993, incorporated but not merged into the judgment of divorce, the plaintiff agreed, *inter alia*, to pay child support for the parties' daughter, Marlene. Suspecting that since 1997 Marlene has not been living with the defendant, the plaintiff filed a petition in the Family Court on March 29, 1999, seeking to terminate his child support obligation. By order dated June 16, 1999, the Family Court determined that Marlene became emancipated on March 29, 1999, and, on that basis, terminated the plaintiff's child support obligation. In March 2000, the plaintiff commenced this plenary action against the defendant alleging that she committed fraud and breached the separation agreement by, *inter alia*, accepting child support payments for Marlene after she was emancipated as defined therein, which terminated such obligation. The defendant moved to dismiss the complaint on the ground that the action was barred by res judicata and/or collateral estoppel. In the order appealed from, the Supreme Court granted the defendant's motion to dismiss the complaint based, in effect, on collateral estoppel. The Supreme Court noted that all of the plaintiff's claims turned on the date that Marlene became emancipated, an issue that had been decided in the Family Court proceeding. Thus, the Supreme Court concluded, collateral estoppel prevented the plaintiff from re-litigating the alleged date of Marlene's emancipation. We affirm, although for reasons different from those relied on by the Supreme Court.

By statute, the Family Court could not have terminated the plaintiff's child support obligation as ordered by the judgment of divorce prior to March 29, 1999, the date he filed his petition seeking that relief (*see,* Family Ct Act § 449; *Greene v Greene,* 90 AD2d 533). Thus, in the context of the prior Family Court proceeding, the plaintiff did not have a full and fair opportunity to litigate his claim that Marlene was actually emancipated in 1997 (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Kaufman v Lilly & Co.,* 65 NY2d 449). Further, the plaintiff could not have litigated his claims of fraud and breach of contract before the Family Court (*see, Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485; *Glass v Glass,* 186 AD2d 787; *Feeney v Licari,* 131 AD2d 539). The Family Court is a court of limited jurisdiction and lacks the authority to enforce

the terms of a separation agreement not merged into a judgment of divorce (*see, Kleila v Kleila,* 50 NY2d 277; *Barnett v Burger,* 169 AD2d 753; *Handa v Handa,* 103 AD2d 794). Thus, neither collateral estoppel nor res judicata are applicable.

However, the defendant presented unrebutted proof that, in the context of another litigation between the parties, during which each was represented by counsel, the parties executed a general release/covenant not to sue encompassing, *inter alia,* "any and all claims either party has or may have against the other for any reasons, whether or not related to the Separation Agreement dated May 17, 1993, or the Judgment of Divorce entered on August 5, 1993, or otherwise, and whether or not any such claim has ever been the subject of any formal lawsuit or other legal action." This broad, inclusive language is clearly sufficient to encompass the claims herein, the factual basis for which the plaintiff claims he discovered in 1997 (*see, Mangini v McClurg,* 24 NY2d 556; *Matter of Schaefer,* 18 NY2d 314; *Cahill v Regan,* 5 NY2d 292; *Koster v Ketchum Communications,* 204 AD2d 280). Thus, the complaint was properly dismissed. Although the defendant did not cross-appeal, this basis for sustaining the relief granted is properly considered on appeal (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539). Ritter, J. P., Krausman, S. Miller and Feuerstein, JJ., concur.