■ KAREN BANK et al., Respondents, v DIANA A. LAKE et al., Respondents, and E.F. AU PAIR, Appellant. [726 NYS2d 291] —In

an action to recover damages for personal injuries and wrongful death, the defendant E.F. Au Pair appeals (1) from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered May 2, 2000, as denied its motion pursuant to CPLR 3211 to dismiss the cross claims of the defendants Diana A. Lake and Sonny Quang-La insofar as asserted against it, and (2), as limited by its notice of appeal and brief, from so much of an order of the same court, entered October 4, 2000, as denied that branch of its motion which was to dismiss the ninth cause of action pursuant to CPLR 3211.

Ordered that the order entered May 2, 2000, is reversed insofar as appealed from, without costs or disbursements, and the motion to dismiss the cross claims of the defendants Diana A. Lake and Sonny Quang-La insofar as asserted against the appellant is granted; and it is further,

Ordered that the order entered October 4, 2000, is affirmed insofar as appealed from, without costs or disbursements.

A motion to dismiss a cross claim can be granted pursuant to CPLR 3211 (a) (1) only if the movant presents documentary evidence that "definitively dispose[s] of the * * * claim" (*Roth v Goldman,* 254 AD2d 405, 406). The documents submitted provide that Diana A. Lake and Sonny Quang-La agreed to indemnify and release the appellant from any and all claims arising out of their participation in the au pair program involved in this case, and from any claims arising from the alleged negligence of the appellant. Absent a statute or public policy to the contrary, New York law generally enforces contractual provisions absolving a party from its own negligence (*see, Colnaghi, U.S.A. v Jewelers Protection Servs.,* 81 NY2d 821; *Sommer v Federal Signal Corp.,* 79 NY2d 540).

Contrary to the appellant's assertion, the Supreme Court properly denied that branch of its motion which was to dismiss the ninth cause of action asserted in the complaint to recover damages for employer liability. In determining whether an employer/employee relationship exists, a court may consider the terms of the agreement between the parties (*see, Mason v Spendiff,* 238 AD2d 780). The documentary evidence submitted indicates that the defendant Sonny Quang-La may have been the appellant's employee.

The appellant's remaining contentions are without merit. Friedmann, J. P., Florio, Smith and Cozier, JJ., concur.