■ In the Matter of the CITY OF NEW YORK. GRANT AVENUE, LLC, Appellant, v NEW YORK IRON WORKS, INCORPORATED, et al., Respondents, and CAMEO ELECTRICAL COMPANY, INC., et al., Respondents-Respondents. [738 NYS2d 202] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered July 2, 2001, which denied claimant Grant Avenue, LLC's motion to discharge a mechanic's lien held by respondent Cameo Electrical Company in the amount of $44,108, unanimously affirmed, with costs.

Contrary to claimant Grant Avenue's contention, Cameo Electrical Company's mechanic's lien was properly filed under Lien Law § 3, since the lease between Grant Avenue and its tenant required the tenant to effect the installations performed by the lien holder, Cameo, and the installations became part of the demised premises and ultimately inured to the Grant Avenue's benefit (*see, Paul Mock, Inc. v 118 E. 25th St. Realty Co.*, 87 AD2d 756, citing *Rice v Culver*, 172 NY 60, 65-66). That Grant Avenue was not in contractual privity with Cameo respecting the work for which payment is sought under the subject lien, does not, under the above described circumstances, vitiate the lien (*see, Rainbow Elec. v Bloom*, 132 AD2d 539). This is particularly so since Grant Avenue dealt directly with Cameo in connection with the work performed by Cameo upon its premises. Concur—Andrias, J.P., Saxe, Rosenberger, Wallach and Buckley, JJ.

■ In the Matter of KENNETH M. AGELOFF (Admitted as KENNETH MICHAEL AGELOFF), a Suspended Attorney. [743 NYS2d 267] —Petitioner reinstated as an attorney and counselor-at-law in the State of New York, effective the date hereof, as indicated. No opinion. Concur—Nardelli, J.P., Sullivan, Rosenberger, Ellerin and Wallach, JJ.