■ ERWIN B. ZIMMERMAN et al., Appellants, v HENRY B. CARLSON et al., Respondents. [741 NYS2d 118] —In an action, in effect, to recover in quantum meruit and to enforce mechanics' liens pursuant to Lien Law § 3, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court,

Suffolk County (Underwood, J.), dated December 11, 2000, as granted that branch of the defendants' motion which was for partial summary judgment vacating the liens.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs and the defendants are owners of adjoining properties. The defendants conducted sand mining on their property without a permit. Because of the mining, the defendants were required by the New York State Department of Environmental Conservation to reclaim or restore the affected land. However, due to delays by the defendants in restoring the land, the plaintiffs, over an approximately three-year period, restored much of the affected land. Subsequently, the plaintiffs filed mechanic's liens against the defendants, and commenced this action, in effect, to recover in quantum meruit and to enforce the liens.

However, in order to maintain and enforce a mechanic's lien, a plaintiff is required to demonstrate that the defendant consented to the work performed on its property (*see* Lien Law § 3; *Cowen v Paddock,* 137 NY 188). The consent required by the Lien Law is not mere acquiescence and benefit, but some affirmative act or course of conduct establishing confirmation (*see Valsen Constr. Corp. v Long Is. Racquet & Health Club,* 228 AD2d 668). The defendants' submission pursuant to their motion for partial summary judgment vacating the liens demonstrated that they did not consent to the work, but instead, persistently objected to the plaintiffs' restoration of the land. In response, the plaintiffs failed to raise a triable issue of fact with regard to the defendants' lack of consent. Thus, the court correctly granted the defendants' motion for partial summary judgment vacating the mechanic's liens. Ritter, J.P., Smith, Friedmann and Cozier, JJ., concur.