■ ELLIOTT-WILLIAMS CO., INC., Appellant, v IMPROMPTU GOURMET, INC., et al., Defendants, and SUGA DEVELOPMENT, LLC, Respondent. [813 NYS2d 778]—

In an action to foreclose a mechanic's lien, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated September 29, 2004, as denied its motion to compel discovery, and granted those branches of the cross motion of the defendant SUGA Development, LLC, which were for summary judgment dismissing the complaint insofar as asserted against it and to vacate the notice of mechanic's lien filed by the plaintiff.

Ordered that order is affirmed insofar as appealed from, with costs.

A contractor who performs work for, or provides equipment to, a tenant may nonetheless impose a mechanic's lien against the premises where the owner of the premises affirmatively gave consent for the work or equipment directly to the contractor, but not where the owner has merely approved or acquiesced in the undertaking of such work or the provision of such equipment (*see* Lien Law § 3; *GCDM Ironworks v GJF Constr. Corp.,* 292 AD2d 495, 496 [2002]; *Paul Mock, Inc. v 118 E. 25th St. Realty Co.,* 87 AD2d 756 [1982]). To sustain the lien, "the owner must either be an affirmative factor in procuring the improvement to be made, or having possession and control of the premises assent to the improvement in the expectation that he [or she] will reap the benefit of it" (*Rice v Culver,* 172 NY 60, 65-66 [1902]).

Here, the defendant Impromptu Gourmet, Inc. (hereinafter Impromptu), a tenant in the premises owned by the defendant SUGA Development, LLC (hereinafter SUGA), paid the defendant Unity Restaurant Equipment, Inc., to install in the leased premises a blast chiller provided by the plaintiff. The plaintiff alleges that it was not paid, and seeks to recover the price of the unit from SUGA, among others, by means of the filing and foreclosure of a mechanic's lien against SUGA's real property. Although SUGA participated in the construction of a portion of the leased premises other than that where the blast chiller was installed, and a room for the blast chiller is depicted on plans for the premises prepared by SUGA's architects, there is nothing further in the record to suggest that SUGA's limited involvement in the installation of the blast chiller constituted consent to the improvement within the meaning of Lien Law § 3. The Supreme Court, therefore, properly granted SUGA's cross motion for summary judgment dismissing the complaint insofar as asserted against it and vacated the mechanic's lien filed against SUGA's real property.

The plaintiff's remaining contentions are either without merit or have been rendered academic in light of our determination. Schmidt, J.P., Crane, Rivera and Spolzino, JJ., concur.