■ VARDON, INC., Respondent, v SUGA DEVELOPMENT, LLC, Appellant, et al., Defendant. [829 NYS2d 585]—

In an action to foreclose a mechanic's lien, the defendant Suga Development, LLC, appeals from a judgment of the Supreme Court, Rockland County (Sherwood, J.), entered April 25, 2005, which, after a nonjury trial, and upon an order of the same court (Carey, J.H.O.), dated October 20, 2004, denying its motion to dismiss the complaint, inter alia, is in favor of the plaintiff and against it in the principal sum of $81,927, with interest from April 16, 2001, in the sum of $22,120.99, for the total sum of $104,047.29.

Ordered that the judgment is reversed, on the law and on the

facts, with costs, the motion is granted, the complaint is dismissed insofar as asserted against Suga Development, LLC, and the order is modified accordingly; and it is further,

Ordered that the Rockland County Clerk is directed to vacate the notice of pendency dated December 9, 2002, and the mechanic's lien filed on April 16, 2001, against the subject property.

The plaintiff, Vardon, Inc. (hereinafter Vardon), commenced this action to foreclose a mechanic's lien filed against property owned by the defendant Suga Development, LLC (hereinafter Suga), to recover the value of certain work performed and materials provided by Vardon at the property for the benefit of a commercial tenant, the defendant Impromptu Gourmet, LLC (hereinafter Impromptu Gourmet). Specifically, the work and materials for which Vardon sought payment included the cost of specialized refrigeration equipment purchased for Impromptu Gourmet, as well as the relocation of certain sprinkler heads in the leased premises. Following a nonjury trial, the Supreme Court found that Vardon had a valid lien on Suga's interest in the property, and entered a judgment of foreclosure and sale in favor of Vardon. We reverse.

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Healy v Williams*, 30 AD3d 466 [2006]).

"A contractor who performs work for, or provides equipment to, a tenant may nonetheless impose a mechanic's lien against the premises where the owner of the premises affirmatively gave consent for the work or equipment directly to the contractor, but not where the owner has merely approved or acquiesced in the undertaking of such work or the provision of such equipment" (*Elliott-Williams Co., Inc. v Impromptu Gourmet, Inc.*, 28 AD3d 706, 707 [2006]).

Here, the Supreme Court's finding that Suga affirmatively consented to the work and materials described in Vardon's lien is not supported by the record evidence. Although Suga certainly had knowledge of, and acquiesced in, Impromptu Gourmet's overall improvements to the leased premises, including certain work performed and materials provided by Vardon and for which Vardon has been fully paid, there is insufficient record evidence of any affirmative consent given by Suga directly to Vardon relating to the refrigeration equipment and sprinkler work for

which Suga now seeks payment. Therefore, the lien should be vacated and the complaint dismissed insofar as asserted against Suga (*see Elliott-Williams Co., Inc. v Impromptu Gourmet, Inc., supra; Valsen Constr. Corp. v Long Is. Racquet & Health Club*, 228 AD2d 668 [1996]; *Tri-North Bldrs. v Di Donna*, 217 AD2d 886 [1995]).

In light of our determination, we do not reach Suga's remaining contention. Prudenti, P.J., Mastro, Fisher and Lunn, JJ., concur.