■ MODERN ERA CONSTRUCTION, INC., Appellant, v SHORE PLAZA, LLC, et al., Respondents. [858 NYS2d 783]—

In an action, inter alia, to foreclose a mechanic's lien, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated May 15, 2007, as denied its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the ground that there were triable issues of fact as to whether the defendant Shore Plaza, LLC (hereinafter Shore Plaza), consented to the services and materials allegedly provided by the plaintiff. In order to maintain and enforce a mechanic's lien, a plaintiff is required to demonstrate that the defendant consented to the work performed on its property (see Lien Law § 3; *Zimmerman v Carlson*, 293 AD2d 744, 745 [2002]). The consent required by the Lien Law is not mere acquiescence and benefit, but some affirmative act or course of conduct establishing confirmation (see *Zimmerman v Carlson*, 293 AD2d at 745; *Valsen Constr. Corp. v Long Is. Racquet & Health Club*, 228 AD2d 668 [1996]; *Harner v Schecter*, 105 AD2d 932 [1984]). Here, although the lease between Shore Plaza and its tenant suggested that Shore Plaza had knowledge of, and acquiesced in, the overall improvement of the leased premises, a question remains as to whether Shore Plaza gave affirmative consent for the improvements for which the plaintiff now seeks payment (cf. *Vardon, Inc. v Suga Dev., LLC*, 36 AD3d 897, 898-899 [2007]). Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.