■ DIONTECH CONSULTING, INC., Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents, et al., Defendant. [911 NYS2d 325]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered March 18, 2009, which granted the motions by defendants Housing Authority and PMS Construction Management to dismiss the complaint, unanimously affirmed, without costs.

After the Housing Authority, as owner, and defendant PMS, as construction manager, entered into a contract with respect to various capital construction projects, PMS entered into another contract with plaintiff herein, as trade contractor, agreeing to perform roofing and asbestos abatement work at a certain project. PMS subsequently directed plaintiff to proceed with the performance of its work, but later advised plaintiff that the job had to be temporarily suspended because funding had been delayed. When the funding then became available and PMS notified plaintiff it was about to resume work, plaintiff demanded payment of delay damages, and commenced this action when payment was not forthcoming.

We agree with the motion court's determination that this ac-

tion is barred by the releases that plaintiff signed. In that regard, plaintiff has conceded that the project in question was completed by May 10, 2007, but in September and November of that year, it executed two documents whereby it forever released, waived and discharged defendants from any and all causes of action, suits, debts, accounts, damages, encumbrances, judgments, claims and demands whatsoever.* In that respect, it is well settled that absent fraudulent inducement or concealment, misrepresentation, mutual mistake or duress, a valid release that is clear and unambiguous on its face constitutes a complete bar to an action on a claim that is the subject of the release (*see Littman v Magee*, 54 AD3d 14, 17 [2008]; *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 98 [2006], *lv denied* 8 NY3d 804 [2007]). However, plaintiff proposes that notwithstanding the arising of its claims prior to the execution of the subject releases, the negotiation of a solitary change order on or about August 14, 2007 somehow indicates that the releases were not intended to encompass payment for its supposed extra work.

Although a party may, by its conduct, implicitly recognize that a right to additional payment has not been extinguished by the releases in question (*see Penava Mech. Corp. v Afgo Mech. Servs., Inc.*, 71 AD3d 493, 495 [2010]; *E-J Elec. Installation Co. v Brooklyn Historical Socy.*, 43 AD3d 642 [2007]), there is simply no course of conduct here that could conceivably be construed as an acknowledgment by PMS or the Housing Authority of plaintiff's right to further payment, inasmuch as the second and third extremely broad releases were signed by plaintiff after PMS had endeavored to arrange for plaintiff to accept a change order, in August 2007, for work that had not been performed. Moreover, while the releases are themselves sufficient to require dismissal of this action, dismissal was also warranted by plaintiff's failure to comply with the contractual requirement for timely notice of its claim, which was a "condition[ ] precedent to suit or recovery" (*A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 30-31 [1998]). The contract also prohibited, by its terms, the recovery of delay damages (*see Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309 [1986]), and contrary to plaintiff's argument that this matter falls within the exception to the rule favoring the enforceability of no-delay-damages clauses, the delay herein was caused solely by the Housing Authority's lack of funding; it cannot be said that such delay was unforeseeable at the time the agree-

---

* It should be noted that another such release was executed by plaintiff in January 2007.

ment was executed, or was so great or unreasonable as to be deemed equivalent to abandonment of the contract (*id.* at 312).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Nardelli, Acosta and DeGrasse, JJ.