# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**761.1**
**CA 10-02058**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

DOMMER CONSTRUCTION CORPORATION,
PLAINTIFF-APPELLANT,

V                                                MEMORANDUM AND ORDER

SAVARINO CONSTRUCTION SERVICES CORP.,
AND THE CINCINNATI INSURANCE COMPANY,
DEFENDANTS-RESPONDENTS.

---

DAMON MOREY LLP, BUFFALO (ERIC A. BLOOM OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

WESTERMANN SHEEHY KEENAN SAMAAN & AYDELOTT, LLP, UNIONDALE (CAROLYN K.
FIORELLO OF COUNSEL), FOR DEFENDANT-RESPONDENT THE CINCINNATI
INSURANCE COMPANY.

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (RALPH C. LORIGO OF
COUNSEL), FOR DEFENDANT-RESPONDENT SAVARINO CONSTRUCTION SERVICES
CORP.

---

Appeal from a judgment of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered January 5, 2010.  The judgment
granted defendants' motions for summary judgment, dismissed the
complaint and denied plaintiff's cross motion for summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Defendant Savarino Construction Services Corp.
(Savarino) contracted with Niagara Falls Memorial Medical Center
(Medical Center) to construct a new emergency room and heart center
(Project) at the Medical Center.  Defendant The Cincinnati Insurance
Company issued a payment bond to Savarino, and Savarino subcontracted
with plaintiff to perform an extensive portion of the construction.
After completing its work on the Project, one of the officers of
plaintiff corporation signed a conditional interim waiver of lien and
claim (Release).  Pursuant to the terms of the Release, plaintiff
waived, released and relinquished "any and all claims, demands and
rights of lien to the extent of the amount shown hereon and previously
paid, for all work, labor materials, machinery or other goods,
equipment or services done, performed or furnished for the
construction located at the [P]roject."  Plaintiff accepted payment of
the amounts set forth in the Release, but thereafter commenced this
action seeking payment for overtime and extra work allegedly not

encompassed by the terms of the Release.

Defendants each moved for summary judgment dismissing the complaint, contending, inter alia, that the Release barred plaintiff's complaint, and plaintiff cross-moved for, inter alia, summary judgment on the complaint. Supreme Court initially denied the motions and cross motion on the ground that there were triable issues of fact requiring a trial, but the parties thereafter stipulated to permit the court to rule on all issues of fact and law based on the papers before it. We conclude that the court properly granted defendants' motions and dismissed the complaint.

It is well settled that "a general release is governed by principles of contract law" (*Mangini v McClurg*, 24 NY2d 556, 562; *see Litvinov v Hudson*, 74 AD3d 1884, 1885; *Kaminsky v Gamache*, 298 AD2d 361, 361) and that, where "a release is unambiguous, the intent of the parties must be ascertained from the plain language of the agreement" (*Kaminsky*, 298 AD2d at 361). Here, according to the unambiguous language of the Release, plaintiff waived, released and relinquished any and all claims and demands for, inter alia, all work, materials and services performed on the Project, and thus "the fact that [plaintiff] may have intended something else is irrelevant" (*Booth v 3669 Del.*, 242 AD2d 921, 922, *affd* 92 NY2d 934 [internal quotation marks omitted]). The Release, on its face, constitutes a complete bar to any action on the subcontract between plaintiff and Savarino (*see Diontech Consulting, Inc. v New York City Hous. Auth.*, 78 AD3d 527, 528; *Littman v Magee*, 54 AD3d 14, 17). "Although a party may, by its conduct, implicitly recognize that a right to additional payment has not been extinguished by the release[] in question . . ., there is simply no course of conduct here that could conceivably be construed as an acknowledgment by [defendants] of plaintiff's right to further payment," particularly in view of the fact that plaintiff's officer signed the Release after the applications for the additional payment sought in this action had been submitted (*Diontech Consulting, Inc.*, 78 AD3d at 528). There is no support in the record for plaintiff's contention that the overtime and extra work were performed pursuant to separate and distinct contracts with Savarino.

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court