■ MEDITERRANEAN CONTRACTING, INC., Respondent, v 115 HOYT, LLC, Appellant. [942 NYS2d 792]—

In an action to foreclose a mechanic's lien, the defendant appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.H.O.), entered March 31, 2011, which, upon a decision of the same court dated March 24, 2011, made after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $60,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to foreclose a mechanic's lien filed against property owned by the defendant to recover the value of certain work performed and materials provided by the plaintiff at the property for the benefit of a tenant. Following a nonjury trial, the Supreme Court determined that the plaintiff had a valid lien on the defendant's interest in the property, and entered a judgment in favor of the plaintiff.

"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses" (*Vardon, Inc. v Suga Dev., LLC*, 36 AD3d 897, 898 [2007], citing *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

"A contractor who performs work for, or provides equipment to, a tenant may nonetheless impose a mechanic's lien against the premises where the owner of the premises affirmatively gave consent for the work or equipment directly to the contractor, but not where the owner has merely approved or acquiesced in the undertaking of such work or the provision of such equipment" (*Elliott-Williams Co., Inc. v Impromptu Gourmet, Inc.*, 28 AD3d 706, 707 [2006]; *see* Lien Law § 3). "To sustain the lien,

'the owner must either be an affirmative factor in procuring the improvement to be made, or having possession and control of the premises assent to the improvement in the expectation that he [or she] will reap the benefit of it' " (*Elliott-Williams Co., Inc. v Impromptu Gourmet, Inc.*, 28 AD3d at 707, quoting *Rice v Culver*, 172 NY 60, 65-66 [1902]). Here, the evidence supports the Supreme Court's finding that the defendant affirmatively consented to the work and materials described in the plaintiff's lien. Thus, the Supreme Court properly sustained the plaintiff's lien. Skelos, J.P., Dillon, Eng and Austin, JJ., concur.