■ INTER-RECO, INC., Respondent, v LAKE PARK 175 FROEH-LICH FARM, LLC, et al., Appellants. [965 NYS2d 606]—

In an action, inter alia, to recover the security deposit on a commercial lease, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered April 17, 2012, as denied their motion to dismiss the complaint pursuant to CPLR 3211 (a).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) is granted.

The plaintiff commenced this action, inter alia, to recover a security deposit pursuant to the terms of a commercial lease. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (5) on the ground that the action was barred by a release contained within a stipulation of settlement previously entered into by the parties in connection with a summary eviction proceeding. The Supreme Court denied the defendants' motion, and the defendants appeal.

Public policy favors the enforcement of settlements (*see Booth v 3669 Delaware*, 92 NY2d 934, 935 [1998]), and a release is "a jural act of high significance without which the settlement of disputes would be rendered all but impossible" (*Mangini v McClurg*, 24 NY2d 556, 563 [1969]). Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011]; *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 98 [2006]), and should not "be converted into a starting point for renewed litigation" (*Mangini v McClurg*, 24 NY2d at 563; *see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d at 276).

"[A] release is governed by principles of contract law" (*Mangini v McClurg*, 24 NY2d at 562), and a release "that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Alvarez v Amicucci*, 82 AD3d 687, 688 [2011]; *see Centro Empresarial Cempresa S.A.*

*v América Móvil, S.A.B. de C.V.*, 17 NY3d at 276; *Booth v 3669 Delaware*, 92 NY2d at 935; *Mangini v McClurg*, 24 NY2d at 563; *Farrington v Harlem Sav. Bank*, 280 NY 1, 4 [1939]; *Bank v Lake*, 284 AD2d 355, 356 [2001]; *Sparacio v Sparacio*, 283 AD2d 481, 483 [2001]). "Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

Here, the defendants established that the parties entered into a stipulation of settlement in which they "mutually released each other, their respective heirs, personal representatives, successors, and assigns . . . from all claims, demands, actions and causes of actions of every kind and nature whatsoever arising out of the subject lease." Contrary to the plaintiff's contention, the terms of the release clearly and unambiguously encompass this action inasmuch as the plaintiff's claim to the disputed security deposit is contingent upon the terms of the subject lease (*see Alvarez v Amicucci*, 82 AD3d at 688; *Bank v Lake*, 284 AD2d at 356; *Sparacio v Sparacio*, 283 AD2d at 483). Accordingly, the release executed by the plaintiff should be enforced according to its terms, and the Supreme Court should have granted the defendants' motion to dismiss the complaint on the ground that the action is barred by the release (*see Booth v 3669 Delaware*, 92 NY2d at 935). Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.