■ MATELL CONTRACTING CO., INC., Appellant, v FLEETWOOD PARK DEVELOPMENT, LLC, Respondent, et al., Defendants. [974 NYS2d 573]—

In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered April 18, 2012, which denied its motion for summary judgment on the complaint and dismissing the first, second, and fifth affirmative defenses asserted by the defendant Fleetwood Park Development, LLC.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing the fifth affirmative defense asserted by the defendant Fleetwood Park Development, LLC, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendant Fleetwood Park Development, LLC.

In March 2009, the defendant Fleetwood Park Development, LLC (hereinafter Fleetwood Park), the owner of certain leased property, entered into an agreement pursuant to which a new tenant was permitted to renovate the leased property for use as a supermarket. The tenant retained Matell Contracting Co., Inc. (hereinafter Matell), to act as general contractor for the project. On May 25, 2011, Matell filed a mechanic's lien against the property in the sum of $1,800,000, alleging that no payment had been made for its work on the project.

Thereafter, Matell commenced this action to foreclose on the mechanic's lien against, among others, Fleetwood Park. Fleetwood Park asserted affirmative defenses, inter alia, alleging that it did not consent to the subject work (first affirmative defense), that the mechanic's lien was not timely filed (second affirmative defense), and lack of privity (fifth affirmative defense). Matell moved, inter alia, for summary judgment on the complaint on the ground that Fleetwood Park consented to the subject work, and for summary judgment dismissing Fleetwood Park's first, second, and fifth affirmative defenses. Fleetwood Park opposed the motion. None of the other defendants opposed that branch of Matell's motion which was for summary judgment on the complaint. In an order entered April 18, 2012, the Supreme Court denied the motion, and Matell appeals.

"A contractor who performs work for, or provides equipment to, a tenant may nonetheless impose a mechanic's lien against the premises where the owner of the premises affirmatively gave consent for the work or equipment directly to the contractor, but not where the owner has merely approved or acquiesced in the undertaking of such work or the provision of such equip-

ment" (*Elliott-Williams Co., Inc. v Impromptu Gourmet, Inc.*, 28 AD3d 706, 707 [2006]). "To sustain the lien, 'the owner must either be an affirmative factor in procuring the improvement to be made, or having possession and control of the premises assent to the improvement in the expectation that he [or she] will reap the benefit of it' " (*id.*, quoting *Rice v Culver*, 172 NY 60, 65-66 [1902]).

Here, while Matell presented evidence showing that Fleetwood Park had knowledge of, and acquiesced in, the work performed to convert the leased property into a supermarket for the tenant's use, Matell failed to present any evidence showing that Fleetwood Park conveyed any affirmative consent directly to Matell for the work (*see Vardon, Inc. v Suga Dev., LLC*, 36 AD3d 897 [2007]; *Elliott-Williams Co., Inc. v Impromptu Gourmet, Inc.*, 28 AD3d at 707; *Tri-North Bldrs. v Di Donna*, 217 AD2d 886, 887 [1995]). Therefore, Matell failed to make a prima facie showing that Fleetwood Park affirmatively consented to the subject work. Accordingly, the Supreme Court properly denied those branches of Matell's motion which were for summary judgment on the complaint and dismissing the first affirmative defense asserted by Fleetwood Park, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Furthermore, the Supreme Court properly denied that branch of Matell's motion which was for summary judgment dismissing the second affirmative defense asserted by Fleetwood Park, which alleged that the lien was not timely filed. Pursuant to Lien Law § 10 (1), notice of a lien "may be filed at any time during the progress of the work and the furnishing of the materials, or, within eight months after the completion of the contract, or the final performance of the work, or the final furnishing of the materials, dating from the last item of work performed or materials furnished." In opposition to Matell's prima facie showing of entitlement to judgment as a matter of law dismissing the second affirmative defense, Fleetwood Park raised triable issues of fact as to whether the last item of work was performed or the last materials were furnished for the subject project within eight months prior to the filing of the lien (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; Lien Law § 10). In order to show that work was performed or materials furnished for the subject project within eight months prior to the filing of the lien, Matell could not rely on evidence submitted for the first time in reply papers submitted to the Supreme Court (*see L'Aquila Realty, LLC v Jalyng Food Corp.*, 103 AD3d 692 [2013]). Accordingly, the Supreme Court properly denied

that branch of Matell's motion which was for summary judgment dismissing the second affirmative defense asserted by Fleetwood Park.

However, the Supreme Court should have granted that branch of Matell's motion which was for summary judgment dismissing the fifth affirmative defense asserted by Fleetwood Park, which alleged lack of privity, since privity of contract is not a prerequisite to recovery on a mechanic's lien (see *Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc.*, 64 AD3d 565, 576 [2009]; *Kuhn v Kober*, 203 AD2d 536 [1994]; *Rainbow Elec. Co. v Bloom*, 132 AD2d 539 [1987]; *Hartman v Travis*, 81 AD2d 692 [1981]). Matell thus established its prima facie entitlement to judgment as a matter of law dismissing the fifth affirmative defense asserted by Fleetwood Park and, in opposition, Fleetwood Park failed to raise a triable issue of fact.

The parties' remaining contentions are without merit. Mastro, J.P., Balkin, Leventhal and Lott, JJ., concur.