■ MASCORP, INC., Appellant, v UNITED STATES FIDELITY & GUARANTEE COMPANY, Respondent. [997 NYS2d 537]—

Rose, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered March 6, 2013 in Tompkins County, which partially granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff entered into a subcontract with David Christa Construction, Inc., the general contractor on a two-phase public improvement project, to install limestone and perform other masonry work at Cornell University. When disputes arose between plaintiff and Christa concerning, among other things, plaintiff's claims of increased costs due to delays and disruptions in its work on both phases of the project, plaintiff commenced this action against defendant to recover payment on the labor and material bond issued to Christa. After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint and Supreme Court granted the motion, concluding, among other things, that plaintiff had released defendant from any claims related to the first phase of the project and failed to adduce sufficient evidence to raise a question of fact as to its claims for damages on both phases of the project. Plaintiff now appeals.

The releases that plaintiff signed after the completion of the first phase of the project waived its claim for delay damages on that phase. An unambiguous release that is knowingly and voluntarily entered into by the parties is binding absent illegality, fraud, mutual mistake, duress or coercion (*see Nelson v Lattner Enters. of N.Y.*, 108 AD3d 970, 972 [2013]; *Young v Williams*, 47

AD3d 1084, 1086 [2008]). The "Lien Waiver and Release" executed by plaintiff after the completion of the first phase of this project provides, among other things, that plaintiff "formally and irrevocably releases [Christa] from all claims of liability . . . including, but not limited to, all claims for extra work, labor or materials, delays or increased costs due to changed conditions, loss of efficiency or productivity, nonsequential work operations, delays, acceleration, suspension of work, and for any prior act, neglect or default on the part of [Christa]." Plaintiff has not come forward with any evidence that would warrant setting aside the release and, given its timing and unequivocal and unconditional language, we agree with Supreme Court that it bars plaintiff's claim for damages related to the first phase of the project (see *Dommer Constr. Corp. v Savarino Constr. Servs. Corp.*, 85 AD3d 1617, 1618 [2011]; *Diontech Consulting, Inc. v New York City Hous. Auth.*, 78 AD3d 527, 528 [2010]).

In any event, "[a] contractor wrongfully delayed by its employer must establish the extent to which its costs were increased by the improper acts because its recovery will be limited to damages actually sustained" (*Berley Indus. v City of New York*, 45 NY2d 683, 687 [1978]; see *Clifford R. Gray, Inc. v City School Dist. of Albany*, 277 AD2d 843, 847 [2000]; *Mid-State Precast Sys. v Corbetta Constr. Co.*, 202 AD2d 702, 704 [1994], *lvs dismissed* 84 NY2d 923 [1994], 86 NY2d 855 [1995]). Here, defendant established that, based on plaintiff's own cost report, it did not suffer a loss. Instead, it earned a 13% profit on the project. In response, plaintiff's expert merely states that he reviewed "numerous documents" in ascertaining plaintiff's damages, but he does not identify any of them and does not provide a specific basis for his conclusions regarding plaintiff's increased costs. Although he points generally to plaintiff's cost reports, we can find no correlation between the numbers in the reports and the expert's figures. Nor is there any evidence that Christa was paid delay damages by the owner to cover plaintiff's claim for increased costs. While a change order issued by the owner to Christa refers to a number of modifications to the general contract, including "limestone/decorative stone," it provides no further information, and Christa's representative on the project testified that the additions to the general contract amount were not based on plaintiff's work. Absent any foundation for the claimed damages, the expert affidavit submitted by plaintiff is conclusory and insufficient to raise a triable issue of whether damages were actually sustained (see *Berley Indus. v City of New York*, 45 NY2d at 688; *Mid-State Precast Sys. v Corbetta Constr. Co.*, 202 AD2d at 705-706).

Finally, Supreme Court properly dismissed plaintiff's claim

for unjust enrichment, given the existence of a valid and enforceable contract covering the dispute (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388-389 [1987]; *State of New York v Industrial Site Servs., Inc.*, 52 AD3d 1153, 1161 [2008]). Defendant's alternative arguments for affirmance have been rendered academic by our decision.

Lahtinen, J.P., Stein, McCarthy and Clark, JJ., concur. Ordered that the order is affirmed, with costs.