■ SKY MATERIALS CORP., Individually, and as Representative of all Trust Beneficiaries Similarly Situated, Appellant, v FROG HOLLOW INDUSTRIES, INC., et al., Respondents, et al., Defendants. [4 NYS3d 91]—

In an action, inter alia, to foreclose three mechanics' liens and to recover damages for breach of contract and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated March 11, 2013, which granted the motion of the defendants Frog Hollow Industries, Inc., and Randolph Froehlich for summary judgment dismissing the complaint insofar as asserted against them, and denied its cross motion for summary judgment on the first, second, third, and fifth causes of action.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to foreclose on three mechanics' liens filed against property owned by the defendant Randolph Froehlich, and to recover damages for breach of contract and unjust enrichment. Froehlich and his company,

the defendant Frog Hollow Industries, Inc. (hereinafter together the Frog Hollow defendants), moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that they did not consent to the work allegedly performed by the plaintiff. The Supreme Court granted the motion.

Lien Law § 3 provides, in relevant part, that a contractor "who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof . . . shall have a lien for the principal and interest, of the value, or the agreed price, of such labor . . . or materials upon the real property improved." The purpose of the Lien Law is "to protect those who have directly expended labor and materials to improve real property at the direction of the owner" (*West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 157 [1995]). However, no right of recovery against an interest in real property will lie unless the owner of that property consented to the improvements. While the consent need not be explicit, mere passive acquiescence is not consent (*see National Wall Paper Co. v Sire*, 163 NY 122, 131 [1900]). Rather, there must be "some affirmative act or course of conduct establishing confirmation" (*Zimmerman v Carlson*, 293 AD2d 744, 745 [2002]).

The Frog Hollow defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action to foreclose the mechanics' liens by demonstrating that the work allegedly performed by the plaintiff was not performed with their consent or at their request, and thus, they were not liable to the plaintiff under the Lien Law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition to the Frog Hollow defendants' prima facie showing that they were not liable to the plaintiff under the Lien Law, the plaintiff failed to raise a triable issue of fact as to whether the Frog Hollow defendants affirmatively or impliedly consented to its work (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Similarly, the Frog Hollow defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging breach of contract by demonstrating that no written or oral contract existed between them and the plaintiff (*see Miranco Contr., Inc. v Perel*, 29 AD3d 873, 874 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Frog Hollow defendants also established their prima facie entitlement to judgment as a matter of law dismissing

the cause of action alleging unjust enrichment by demonstrating that they did not derive any benefit from the plaintiff's alleged work (*see Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972]; *Nissan Motor Acceptance Corp. v Scialpi*, 94 AD3d 1067, 1068 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court correctly granted the Frog Hollow defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

Based on the foregoing, the Supreme Court also properly denied the plaintiff's cross motion for summary judgment on the first, second, third, and fifth causes of action. Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.