■ BEYS SPECIALTY, INC., Respondent, v EURO CONSTRUCTION SERVICES, INC., et al., Appellants. (And Another Title.) [5 NYS3d 153]—

In an action to recover alleged overpayments on a construction subcontract, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 28, 2013, which granted the plaintiff's motion for summary judgment dismissing the defendants' counterclaims and vacating a mechanic's lien.

Ordered that the order is affirmed, with costs.

The defendant Euro Construction Services, Inc. (hereinafter Euro), entered into a subcontract with the plaintiff to perform

construction work on a certain public improvement project. Pursuant to the subcontract, Euro received partial payments while performing the work. In connection with those payments, Euro signed a total of nine releases, each acknowledging that it had been paid in full for the work performed up to specified dates and waiving, inter alia, any claims to the monies due from the subject public authority or the construction manager on the project.

The plaintiff thereafter commenced this action against the defendants to recover alleged overpayments it made to Euro on the subcontract. In response, alleging that the plaintiff had failed to pay Euro the full amount due, and after filing a notice of mechanic's lien, the defendants asserted counterclaims, inter alia, alleging breach of contract and to foreclose on the mechanic's lien. The plaintiff moved for summary judgment dismissing the counterclaims and vacating the mechanic's lien. The Supreme Court granted the plaintiff's motion, and the defendants appeal.

"[A]bsent fraudulent inducement or concealment, misrepresentation, mutual mistake or duress, a valid release that is clear and unambiguous on its face constitutes a complete bar to an action on a claim that is the subject of the release" (*Diontech Consulting, Inc. v New York City Hous. Auth.*, 78 AD3d 527, 528 [2010]). "Whether the language set forth in a release unambiguously bars a particular claim is a question of law appropriately determined on a motion for summary judgment based upon the entire release and without reference to extrinsic evidence" (*Zilinskas v Westinghouse Elec. Corp.*, 248 AD2d 777, 779 [1998]; *see Inter-Reco, Inc. v Lake Park 175 Froehlich Farm, LLC*, 106 AD3d 955, 956 [2013]).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law dismissing the counterclaims and vacating the mechanic's lien by demonstrating that the releases signed by Euro unambiguously barred the defendants' counterclaims (*see Inter-Reco, Inc. v Lake Park 175 Froehlich Farm, LLC*, 106 AD3d at 956; *Diontech Consulting, Inc. v New York City Hous. Auth.*, 78 AD3d at 528). In opposition, the defendants failed to raise a triable issue of fact as to the existence of any ground for invalidating the releases.

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment dismissing the defendants' counterclaims and vacating the mechanic's lien. Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.