■ Icdia Corp., Appellant, v Nicole Almeida Visaggi, Respondent, et al., Defendants. [24 NYS3d 349]—

In an action, inter alia, to foreclose a mechanic's lien, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered July 9, 2013, as granted that branch of the motion of the defendant Nicole Almeida Visaggi which was for summary judgment dismissing the complaint insofar as asserted against her, and denied its motion for summary judgment on the cause of action to foreclose the mechanic's lien and dismissing the counterclaim of the defendant Nicole Almeida Visaggi.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Nicole Almeida Visaggi which was for summary judgment dismissing the complaint insofar as asserted against that defendant, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Nicole Almeida Visaggi leased commercial premises she owned to the defendants Richard Pierce, Charles Rutherford, and Webster Campbell, who intended to operate a pizzeria in the space. Campbell entered into a contract with the plaintiff, a corporation solely owned by the nonparty Thomas Poli, to renovate the leased premises for that purpose at a total cost of $235,000. The project subsequently stalled, through no fault of the plaintiff, after the plaintiff allegedly performed most of the work required by the contract. The plaintiff was never paid for its work, and, in 2011, it filed a mechanic's lien against the property.

The plaintiff thereafter commenced this action against Visaggi, among others, seeking, inter alia, to foreclose the mechanic's lien. The plaintiff moved for summary judgment on that cause of action and to dismiss Visaggi's counterclaim, and Visaggi moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court granted that branch of Visaggi's motion, and denied the plaintiff's motion.

In opposition to Visaggi's prima facie showing of entitlement to judgment as a matter of law on the ground that the mechanic's lien was untimely, the plaintiff raised a triable issue of fact as to whether the lien was timely filed within eight months of "the last item of work performed or materials furnished" (Lien Law § 10 [1]). In that regard, Poli and Campbell submitted affidavits detailing specific work that was performed by the plaintiff in August 2010, approximately six months prior to the filing of the notice of lien. Contrary to the Supreme Court's determination, Poli did not unequivocally testify at his deposition that the plaintiff last performed any work at the premises in 2008, and thus, his affidavit averring that the plaintiff last performed work in 2010 did not so evidently contradict his deposition testimony that it could be said to "clearly" raise a feigned issue of fact (*Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]; *cf. Sunshine Care Corp. v Warrick*, 100 AD3d 981, 983 [2012]; *Soussi v Gobin*, 87 AD3d 580, 581 [2011]; *Nieves v ISS Cleaning Servs. Group*, 284 AD2d 441, 442 [2001]; *see generally Franklin v*

*Omni Sagamore Hotel*, 5 AD3d 348, 349 [2004]; *Nembhard v Mount Vernon City School Dist. Bd. of Educ.*, 300 AD2d 456 [2002]).

Further contrary to the Supreme Court's conclusion, triable issues of fact exist as to whether Visaggi consented to the plaintiff's work for purposes of Lien Law § 3. Pursuant to Lien Law § 3, "[a] contractor . . . who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or subcontractor . . . shall have a lien for the principal and interest, of the value, or the agreed price, of such labor . . . or materials upon the real property improved." In the case of a leased property, a " 'contractor who performs work for, or provides equipment to, a tenant may nonetheless impose a mechanic's lien against the premises where the owner of the premises affirmatively gave consent for the work or equipment directly to the contractor, but not where the owner has merely approved or acquiesced in the undertaking of such work or the provision of such equipment' " (*Matell Contr. Co., Inc. v Fleetwood Park Dev., LLC*, 111 AD3d 681, 682-683 [2013], quoting *Elliott-Williams Co., Inc. v Impromptu Gourmet, Inc.*, 28 AD3d 706, 707 [2006]; *see Sky Materials Corp. v Frog Hollow Indus., Inc.*, 125 AD3d 751, 752 [2015]). "[T]he consent need not be explicit" (*Sky Materials Corp.*, 125 AD3d at 752), but there must be "some affirmative act or course of conduct establishing confirmation" (*GCDM Ironworks v GJF Constr. Corp.*, 292 AD2d 495, 496 [2002]; *see Delany & Co. v Duvoli*, 278 NY 328, 331 [1938]).

Here, Poli testified at his deposition that Visaggi's agent, Robert Almeida, was present when Poli first met with Campbell in order to assess the job and give his bid. Almeida then approved the plans for the project and Visaggi acknowledged her approval, in writing, to the City of Mount Vernon Department of Buildings. Once the work started, according to Poli and Campbell, Almeida was constantly present at the work site, to "supervis[e]" and "approve" the work. Viewing the evidence in the light most favorable to the plaintiff (*see William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013]), there is a triable issue of fact as to whether Visaggi and her agent, Almeida, engaged in a course of conduct establishing consent for the plaintiff's work (*see Modern Era Constr., Inc. v Shore Plaza, LLC*, 51 AD3d 990 [2008]; *see also National Wall Paper Co. v Sire*, 163 NY 122, 124-125 [1900]; *Mediterranean Contr., Inc. v 115 Hoyt, LLC*, 94 AD3d 1063 [2012]; *cf. Vardon, Inc. v Suga Dev., LLC*, 36 AD3d 897 [2007];

*Elliott-Williams Co., Inc. v Impromptu Gourmet, Inc.*, 28 AD3d 706 [2006]).

Visaggi failed to meet her prima facie burden of demonstrating her entitlement to judgment as a matter of law on the basis of a purported release of the plaintiff's claims under the contract. The release allegedly was given to Campbell by the plaintiff in exchange for an assignment of the lease. A " 'valid release that is clear and unambiguous on its face constitutes a complete bar to an action on a claim that is the subject of the release' " (*Beys Specialty, Inc. v Euro Constr. Servs., Inc.*, 125 AD3d 911, 912 [2015], quoting *Diontech Consulting, Inc. v New York City Hous. Auth.*, 78 AD3d 527, 528 [2010]; *see Inter-Reco, Inc. v Lake Park 175 Froehlich Farm, LLC*, 106 AD3d 955 [2013]). " '[A] release is governed by principles of contract law,' " and the question of whether the writing is ambiguous is a question of law for the courts (*Inter-Reco, Inc.*, 106 AD3d at 955, quoting *Mangini v McClurg*, 24 NY2d 556, 562 [1969]).

Initially, contrary to the plaintiff's contention, any failure of consideration for the release would not render the release invalid (*see* General Obligations Law § 15-303; *Matter of Cheng Ching Wang*, 114 AD3d 939, 941 [2014]). Nevertheless, the document upon which Visaggi relies with respect to this contention is ambiguous as to whether it was meant to serve as an actual assignment and release, or merely constituted an expression of intent. Particularly in light of the lease provision which requires the landlord's prior written consent to any assignment, the language of the subject document reasonably could be interpreted as merely an agreement to agree, which would be unenforceable (*see Minelli Constr. Co., Inc. v Volmar Constr., Inc.*, 82 AD3d 720, 721-722 [2011]; *Rivera v Alaimo*, 54 AD3d 325, 326 [2008]). This ambiguity precludes an award of summary judgment based upon the purported release (*see generally Bana Elec. Corp. v Bethpage Union Free School Dist.*, 76 AD3d 987, 988 [2010]; *Pellot v Pellot*, 305 AD2d 478 [2003]).

Accordingly, in light of the existence of triable issues of fact as to the timeliness of the lien, Visaggi's consent to the plaintiff's work, and the meaning of the purported release, the Supreme Court should have denied that branch of Visaggi's motion which was for summary judgment dismissing the complaint insofar as asserted against her. For the same reason, the plaintiff's motion for summary judgment on its cause of action to foreclose the mechanic's lien and dismissing Visaggi's counterclaim was properly denied. Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.