■ Michael R. Nowicki et al., Respondents, v Juliette P. Espersen, Appellant. [880 NYS2d 830]—

Appeal from an order of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered March 27, 2008 in an action seeking specific performance of a contract for the sale of

real property. The order granted plaintiffs' motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking specific performance of a contract for the sale of property owned by defendant. Defendant appeals from an order granting plaintiffs' motion for summary judgment on the complaint. We affirm. While at the property in question on the day of the purchase offer, defendant pointed out the boundary markers of the property and indicated to plaintiffs that she intended to sell the property between those markers. Pursuant to a tax map, the two parcels comprising the property included 83 feet of lake frontage. Several weeks later, following defendant's acceptance of the purchase offer, a survey conducted at defendant's request revealed that the property actually included 114.7 feet of lake frontage. Defendant subsequently sought to rescind the contract based on a mutual mistake of fact concerning the actual size of the property.

Defendant contends that Supreme Court erred in granting the motion because there is a triable issue of fact with respect to the alleged mutual mistake of fact. We reject that contention. In order for a contract to be voidable based on a mutual mistake of fact, the "mutual mistake must exist at the time the contract is entered into and must be substantial" (*Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 453 [1993]). "The idea is that the agreement as expressed, in some material respect, does not represent the 'meeting of the minds' of the parties" (*id.; see Brauer v Central Trust Co.*, 77 AD2d 239, 243 [1980], *lv denied* 52 NY2d 703 [1981]). Here, there was no mutual mistake with respect to the property that defendant contracted to sell to plaintiffs and, indeed, defendant testified at her deposition that she intended to sell "the entire property" between the boundary markers. Plaintiffs inspected the property, offered to purchase the two parcels as they were described on the tax map, and were informed of the specific boundaries of the property that defendant intended to sell to them (*see Shay v Mitchell*, 50 AD2d 404, 409 [1976], *affd* 40 NY2d 1040 [1976]). The failure of defendant to obtain a survey of the property to determine its actual size prior to entering into the contract or to specify in the contract a price per foot for the lake frontage belies her contention that a price based upon the precise amount of lake frontage and a per foot calculation was a material element of the contract about which the parties were mistaken. Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Pine, JJ.