MELANIE ALVAREZ et al., Respondents, v JOHN AMICUCCI et al., Appellants. [918 NYS2d 144]—

On June 7, 1995, the plaintiffs entered into an agreement (hereinafter the 1995 agreement) with the defendant John Amicucci, who owned all of the stock of the defendant DeFoe Corporation (hereinafter DeFoe) and two affiliated corporations, the defendant American Viaduct Corp. and the defendant Eastern Sales Corp. Pursuant to the 1995 agreement, each of the plaintiffs was to receive 12$^{1}$/$_{2}$% of the net profits of DeFoe, beginning with the fiscal year ending on December 31, 1995. Two years later the parties entered into a general release and hold harmless agreement (hereinafter the 1997 release) in which all of the parties agreed to waive, release, discharge, and forever relinquish any and all claims of any kind, which they had in the past or in the future as against each other.

In July 2009, 14 years after entering into the 1995 agree-

ment, the plaintiffs commenced this action against the defendants seeking a declaration that the 1995 agreement was in full force and effect and directing the defendants to comply with the terms and conditions of the 1995 agreement.

In lieu of answering the complaint, the defendants moved pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the complaint. They argued, inter alia, that the 1997 release constituted documentary evidence requiring the dismissal of the action pursuant to CPLR 3211 (a) (1) as it unambiguously released the defendants of liability under the 1995 agreement and that had the parties intended to continue their financial arrangement under the 1995 agreement, language demonstrating such intention would have been included therein.

In opposition, the plaintiffs asserted, among other things, that the 1997 release only pertained to claims up to and including the date of execution, and the 1997 release was ambiguous.

The Supreme Court denied the defendants' motion to dismiss. We reverse.

A dismissal is warranted pursuant to CPLR 3211 (a) (1) "only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see Uzzle v Nunzie Ct. Homeowners Assn., Inc.*, 70 AD3d 928, 930 [2010]). The 1997 release clearly states that the parties agreed "to forever release and irrevocably relinquish all claims of every kind which any of them now have or had in the past or may have in the future, arising out of events occurring up to and including the date of this agreement." The 1997 release also states that it "extends to and encompasses the complete release of any and all liabilities from any events, agreements, documents, claims, property, interests, or other things of value . . . so as to cause any event, agreement, document, claim, property, interest or other things of value to be waived and nullified *from the beginning of time to the date of this release*" (emphasis added).

A written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Norma Reynolds Realty, Inc. v Edelman*, 29 AD3d 969 [2006]). Given the clear, unambiguous language of the 1997 release, parol evidence cannot be considered to alter or vary its terms (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d at 162). Thus, the 1997 release encompasses the prior 1995 agreement, and the plaintiffs' action is barred (*see* CPLR 3211 [a] [5]).

In light of the foregoing, the plaintiffs' remaining contentions

have been rendered academic. Angiolillo, J.P., Belen, Austin and Cohen, JJ., concur.