■ MADELINE (GLORIA) SAMPSON et al., Appellants, v ROBERT A. SAVOIE JR., Individually and Doing Business as ROBERT's BODY SHOP & USED CAR, Respondent. [935 NYS2d 388]—

Malone Jr., J.

In October 2004, plaintiff Madeline (Gloria) Sampson and her son, plaintiff Gerald Sampson Jr., entered into a contract with defendant to restore an antique taxi cab, with a completion date of May 25, 2005. When defendant did not complete the restoration of the vehicle by that date, plaintiffs filed a complaint with the Department of Motor Vehicles. In August 2006, with the assistance of John Dybas, an investigator with the Department of Motor Vehicles, the parties negotiated a settlement agreement pursuant to which defendant agreed to deliver the vehicle by June 22, 2007. The two-page agreement also contained a provision on the second page stating that the agreement was intended to "settle any and all claims concerning [the vehicle]." On July 6, 2007, defendant delivered the vehicle, which was apparently not completely restored, to Sampson Jr. in the presence of Dybas. Dybas inspected the vehicle and, on each page of the parties' settlement agreement, wrote the notation "[t]his [a]greement [h]onored," and, under each notation, Sampson Jr. and defendant signed their names.

In November 2008, plaintiffs commenced this action alleging, among other things, breach of contract. Following joinder of issue, defendant moved to dismiss the complaint and Supreme Court thereafter informed the parties that it would treat such motion as a motion for summary judgment. After allowing the parties additional time to supplement their papers, the court granted the motion and dismissed the complaint on the basis that plaintiffs had executed a valid release extinguishing their claims against defendant. Plaintiffs appeal.

Defendant bore the initial burden, as the party seeking summary judgment, of demonstrating that plaintiffs executed

an unambiguous release barring future claims related to the restoration of the vehicle (*see e.g. Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011]; *Booth v 3669 Delaware*, 92 NY2d 934, 935 [1998]; *Gohar v Albany Hous. Auth.*, 288 AD2d 657, 658 [2001]). Here, defendant presented the August 2006 agreement, which was signed by the parties and contained express language stating that the agreement "settle[d] any and all claims concerning" the vehicle, which language unambiguously bars plaintiffs from asserting future claims related to the vehicle against defendant. The agreement also contained the notation by Dybas, added in July 2007, that the agreement had been "[h]onored," which notation was acknowledged in writing by Sampson Jr. and defendant.

Defendant's evidence of a signed release shifted the burden to plaintiffs to demonstrate that the release was invalid due to illegality, fraud, duress or mutual mistake (*see Centro Empresarial Cempressa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d at 276; *Lodhi v Stewart's Shops Corp.*, 52 AD3d 1084, 1085 [2008]). In that regard, plaintiffs neither alleged nor offered proof of any of those grounds to invalidate the release. Rather, they contend that the release is void because they did not receive consideration for the release. However, even assuming the record supports plaintiffs' claim, the lack of consideration does not invalidate a release (*see* General Obligations Law § 15-303; *Angel v Bank of Tokyo-Mitsubishi, Ltd.*, 39 AD3d 368, 369 [2007]). Because plaintiffs failed to raise an issue of fact as to the validity of the release, Supreme Court properly granted defendant summary judgment dismissing the complaint.

Plaintiffs' remaining contentions, including their claim that defendant failed to raise the existence of the release as an affirmative defense in his answer—a claim contradicted by the record—have been considered and found to be without merit.

Mercure, A.P.J., Peters, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.