■ Great American Restoration Services, Inc., Respondent, v Patricia Lenti et al., Appellants. [943 NYS2d 547]—

In an action to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Lally, J.), entered December 8, 2010, which granted the plaintiff's motion for summary judgment on the issue of liability and denied their cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and (2) a judgment of the same court dated June 2, 2011, which, upon the order, is in favor of the plaintiff and against them in the total sum of $50,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"A written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Alvarez v Amicucci*, 82 AD3d 687, 688 [2011]; *see MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640, 645 [2009]; *Evans v Famous Music Corp.*, 1 NY3d 452, 458 [2004]). "Extrinsic evidence may not be considered unless it is deter-

mined as a matter of law that the agreement is ambiguous" (*Burlington Ins. Co. v Utica First Ins. Co.*, 71 AD3d 712, 713 [2010]; *see Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC*, 8 NY3d 59, 66 [2006]; *South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]).

After a fire at the defendants' house in Queens, they hired the plaintiff to temporarily cover holes in the roof, remove water from the premises, remove both salvageable and unsalvageable personal property, store such property, and remove debris. The plaintiff performed this work before another contractor began its work rebuilding the defendants' house.

The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the contract for the work, the language of which demonstrated a clear intent that the defendants would be responsible for any charges not covered by the defendants' insurance policy. The plaintiff also submitted proof that it satisfactorily completed the work and that the defendants did not pay the plaintiff pursuant to the contract.

Since the defendants failed to raise a triable issue of fact in response, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability (*see M & R Rockaway, LLC v SK Rockaway Real Estate Co., LLC*, 74 AD3d 759, 760 [2010]; *cf. Altronix Corp. v Central Machining Specialties, Inc.*, 84 AD3d 991, 992 [2011]; *Alvarez v Amicucci*, 82 AD3d at 688).

Contrary to the defendants' contention, the Supreme Court properly determined that the plaintiff's work at their house did not constitute "[h]ome improvement" as that term is defined in Administrative Code of City of NY § 20-386 (2) and, therefore, the plaintiff did not require a license pursuant to Administrative Code of City of NY § 20-387 (a). Accordingly, the plaintiff was not required to plead that it was duly licensed by the Department of Consumer Affairs of the City of New York (*see* CPLR 3015 [e]) as a home-improvement contractor, and the Supreme Court, thus, properly denied the defendants' cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to plead that it was so licensed. Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.