■ Patricia Warmhold, Appellant, v Michael Zagarino, Defendant, and Countrywide Financial Corporation et al., Respondents. [40 NYS3d 499]—

In an action, inter alia, to recover damages for violations of General Business Law §§ 349 and 350, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated December 16, 2013, as denied her motion and her cross motion, in effect, for summary judgment on the issue of liability against the defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., and Bank of America Corporation, and granted the cross motion of those defendants for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action alleging, among other things, that Countrywide Financial Corporation, Countrywide Home Loans, Inc., and Bank of America Corporation, as assignee (hereinafter collectively the Countrywide defendants), employed relaxed underwriting standards, reduced documentation requirements, false appraisals, and forgery of borrower income levels for the purpose of consummating unaffordable or high-cost home loans that were destined to fail. She claimed that she was the victim of a high-cost home loan which was destined to fail. After discovery, the Countrywide defendants moved, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted again them as barred by releases executed by the plaintiff when she signed a repayment agreement in 2008, and a loan modification agreement in 2009. The Supreme Court denied that motion, and, on appeal, this Court affirmed, concluding that "the plaintiff sufficiently alleged that the Countrywide defendants procured the release

by means of fraud or duress" (*Warmhold v Zagarino*, 106 AD3d 994, 995 [2013]).

Thereafter, the plaintiff moved, in effect, for summary judgment on the issue of liability, submitting an unsworn narrative in support of her motion. The Countrywide defendants cross-moved for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiff cross-moved for summary judgment in her favor.

In an order dated December 16, 2013, the Supreme Court denied the plaintiff's motion and cross motion for summary judgment and granted the Countrywide defendants' cross motion for summary judgment dismissing the amended complaint insofar as asserted against them. The plaintiff appeals.

" 'A release is a contract, and its construction is governed by contract law' " (*Cardinal Holdings, Ltd. v Indotronix Intl. Corp.*, 73 AD3d 960, 962 [2010], quoting *Lee v Boro Realty, LLC*, 39 AD3d 715, 716 [2007]). "[A] signed release shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (*Davis v Rochdale Vil., Inc.*, 109 AD3d 867, 867 [2013] [internal quotation marks omitted]; *see Sampson v Savoie*, 90 AD3d 1382, 1383 [2011]).

Here, the Countrywide defendants established their prima facie entitlement to judgment as a matter of law by submitting a loan repayment plan agreement and a loan modification agreement, both of which were executed by the plaintiff and contain releases which, by their terms, unambiguously barred the instant action against them (*see Beys Specialty, Inc. v Euro Constr. Servs., Inc.*, 125 AD3d 911 [2015]; *Matter of Cheng Ching Wang*, 114 AD3d 939 [2014]; *Schiller v Guthrie*, 102 AD3d 852, 853-854 [2013]; *Sampson v Savoie*, 90 AD3d at 1383). In opposition, the plaintiff failed to submit evidence in admissible form sufficient to raise a triable issue of fact as to whether the releases were invalid due to illegality, fraud, duress, or mutual mistake (*see Beys Specialty, Inc. v Euro Constr. Servs., Inc.*, 125 AD3d at 912; *Sampson v Savoie*, 90 AD3d at 1383; *cf. Powell v Adler*, 128 AD3d 1039 [2015]).

Accordingly, the Supreme Court properly granted the Countrywide defendants' cross motion for summary judgment dismissing the amended complaint insofar as asserted against them, and properly denied the plaintiff's motion and cross motion for summary judgment. Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.