■ TATJANA KULKARNI, Appellant, v ARREDONDO & COMPANY, LLC, Doing Business as WESTY STORAGE CENTERS and Others, et al., Respondents. [56 NYS3d 351]—

In an action, inter alia, to recover damages for violations of General Business Law § 349, the plaintiff appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered March 11, 2015, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by a general release.

Ordered that the order is affirmed, with costs.

The plaintiff rented a storage room at the defendant Arredondo & Company, LLC, doing business as Westy Storage Centers, Westy, and A Westy Storage Center (hereinafter Westy), at its branch in Hicksville. A few years later, the plaintiff commenced an action against Westy, the defendants Caesar A. Arredondo, John A. Arredondo, and Edward C. Arredondo, Westy's owners, and nonparty Yasir Zaidi, the manager of the Hicksville branch (hereinafter collectively the 2011 defendants), alleging violations of General Business Law § 349 based on the improper increase of the rent for the storage room for a period of time the plaintiff had already paid for. The plaintiff and the 2011 defendants settled the action in exchange for consideration, and the plaintiff agreed to the terms of a general release and a contract canceling the storage room lease and requiring that she empty the contents of the storage room within two months. The plaintiff vacated the storage room within the agreed-upon time and left the room in its original condition. When the plaintiff did not receive the se-

curity deposit she provided at the start of the lease, she commenced the instant action against the defendants, alleging violations of General Business Law § 349. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the general release. The Supreme Court granted that branch of the motion. The plaintiff appeals.

The Supreme Court properly granted dismissal of the complaint pursuant to CPLR 3211 (a) (5). "A release is a contract, and its construction is governed by contract law" (*Warmhold v Zagarino*, 144 AD3d 672, 673 [2016] [internal quotation marks omitted]; *see Burnside 711 LLC v Amerada Hess Corp.*, 109 AD3d 860, 861 [2013]; *Cardinal Holdings, Ltd. v Indotronix Intl. Corp.*, 73 AD3d 960, 961 [2010]). "[A] release 'that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms' " (*Inter-Reco, Inc. v Lake Park 175 Froehlich Farm, LLC*, 106 AD3d 955, 955 [2013], quoting *Alvarez v Amicucci*, 82 AD3d 687, 688 [2011]). "A valid general release will apply not only to known claims, but 'may encompass unknown claims, including unknown fraud claims, if the parties so intend and the agreement is fairly and knowingly made' " (*Rivera v Wyckoff Hgts. Med. Ctr.*, 113 AD3d 667, 670-671 [2014], quoting *Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011] [internal quotation marks omitted]; *see Matter of Boatwright*, 114 AD3d 856, 858 [2014]). "[A] signed release shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (*Davis v Rochdale Vil., Inc.*, 109 AD3d 867, 867 [2013] [internal quotation marks omitted]; *see Sampson v Savoie*, 90 AD3d 1382, 1383 [2011]).

Here, the release covers "all manner of action and actions, cause and causes of action, suits, [and] sums of money . . . whatsoever in law or in equity, known and unknown" that the plaintiff "ever had, now has or . . . may have." Contrary to the plaintiff's contention, the terms of the release clearly and unambiguously encompass the causes of action asserted in the instant action (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d at 277; *Inter-Reco, Inc. v Lake Park 175 Froehlich Farm, LLC*, 106 AD3d at 956; *see also Rivera v Wyckoff Hgts. Med. Ctr.*, 113 AD3d at 671). In addition, the plaintiff failed to sufficiently allege that the release should be set aside due to, inter alia, fraud (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d at 278; *JGK Indus., LLC v Hayes NY Bus., LLC*, 145 AD3d 979, 980 [2016]). Accordingly, the Supreme Court

properly granted that branch of the defendants' motion which was to dismiss the complaint as barred by the release. Chambers, J.P., Roman, Miller and Connolly, JJ., concur.

---

Motion by the respondents, inter alia, to strike stated portions of the appellant's reply brief on an appeal from an order of the Supreme Court, Nassau County, entered March 11, 2015, on the ground that they improperly raise an argument for the first time in reply. By decision and order on motion of this Court dated January 22, 2016, as amended February 1, 2016, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to strike stated portions of the appellant's reply brief is granted, and the portions of the appellant's reply brief beginning with the second full paragraph on page 12 and continuing through page 15 are stricken and have not been considered in the determination of the appeal.