Miller v Brunner (2018 NY Slip Op 06008)





Miller v Brunner


2018 NY Slip Op 06008


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-03595
 (Index No. 512723/15)

[*1]Chaim Miller, et al., respondents, 
v
Joseph Brunner, et al., appellants, et al., defendant.


Tuttle Yick LLP, New York, NY (Alexander D. Tuttle and Gregory O. Tuttle of counsel), for appellants.
Fisher & Fisher, LLC (Mischel & Horn, P.C. [Scott T. Horn], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Joseph Brunner and Anmuth Holdings, LLC, appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated April 13, 2016. The order, insofar as appealed from, denied those branches of the motion of the defendants Joseph Brunner and Anmuth Holdings, LLC, which were, in effect, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the first, third, and fourth causes of action of the amended complaint insofar as asserted against them, with leave to renew upon completion of discovery.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Joseph Brunner and Anmuth Holdings, LLC, which was, in effect, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the first cause of action of the amended complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Chaim Miller is the principal of the plaintiff 49 Dupont Lofts, LLC (hereinafter 49 Dupont Lofts, hereinafter together the plaintiffs.). The plaintiffs allege that Miller entered into a real estate transaction with the defendant Joseph Brunner, principal of the defendant Anmuth Holdings, LLC (hereinafter Anmuth, hereinafter together the defendants). Nonparty Dupont Street Developers, LLC (hereinafter Dupont Street Developers), another entity owned by Brunner, contracted to purchase a property known as 49 Dupont Street in Greenpoint (hereinafter the property) for $20,000,000, and Dupont Street Developers' rights were subsequently assigned to Anmuth. Brunner then agreed to sell the contract rights to Miller for $39,000,000, and Miller, in turn, created 49 Dupont Lofts for this purpose. Miller intended to resell 49 Dupont Lofts' contract rights to a consortium for $49,000,000. On January 28, 2014, Anmuth and 49 Dupont Lofts entered into an agreement whereby the parties agreed to restructure the deal by cancelling the proposed transfer to 49 Dupont Lofts and instead have Anmuth sell its contract rights directly to the consortium and pay approximately $11,000,000 of the consideration to Miller. The plaintiffs allege that the defendants, through a series of fraudulent transactions—including, among other things, a re-assignment of the contract rights from Anmuth to Dupont Street Developers, which eventually acquired the property [*2]in May of 2014—cut the plaintiffs out of the real estate deal, in breach of the January 28, 2014, agreement.
The plaintiffs further allege that, because the seller of the property was obligated to implement an environmental remediation program pursuant to an order on consent and administrative settlement with the New York State Department of Environmental Conservation, the contract of sale required Dupont Street Developers to provide security to ensure compliance with the terms of the remediation program. Miller lent Brunner $4,700,000, which Brunner used as collateral for the issuance, on May 20, 2014, of three irrevocable letters of credit by Investors Bank in favor of the seller. The letters of credit were set to expire on May 20, 2015. On September 18, 2014, the defendants acknowledged Miller's interest in the funds used as collateral for the letters of credit, and agreed promptly to return $4,353,500 of that money to Miller upon the return of the collateral. The same day, the plaintiffs executed an agreement (hereinafter the release) releasing, among others, the defendants from "all actions, causes of action, suits, debts, dues, sums of money, accounts, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands, in law, admiralty or equity" which the plaintiffs "ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever related, from the beginning of the world to the day of the date of this Release."
Miller originally commenced this action against Anmuth seeking only the return of the collateral used to secure the letters of credit. The plaintiffs subsequently filed an amended complaint against the defendants and the title company involved in the closing on the property, asserting new causes of action, inter alia, to recover damages for breach of the January 28, 2014, agreement. The defendants, among other things, moved, in effect, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the amended complaint insofar as asserted against them. The Supreme Court denied those branches of the motion with leave to renew upon completion of discovery. The defendants appeal and we modify.
As a threshold matter, and contrary to the plaintiffs' contention, the defendants' failure to move specifically pursuant to CPLR 3211(a)(5) on the basis of the release does not warrant the denial of that branch of their motion on procedural grounds. The release constitutes documentary evidence upon which dismissal pursuant to CPLR 3211(a)(1) may be granted (see e.g. Alvarez v Amicucci, 82 AD3d 687, 688). Furthermore, although CPLR 3211(a)(5)—which covers, inter alia, the defense of release—was not specifically asserted, the defendants clearly moved to dismiss the first cause of action based upon the defense of release. "[W]here the wrong ground is designated but other CPLR 3211(a) grounds do apply, the court may treat the motion as having specified the right ground and grant relief, absent prejudice, which has not been demonstrated" (Dean R. Pelton Co. v Moundsville Shopping Plaza, Inc., 173 AD2d 201, 201; see Siegel, NY Prac § 258 [5th ed 2011]).
"A release is a contract, and its construction is governed by contract law" (Warmhold v Zagarino, 144 AD3d 672, 673 [internal quotation marks omitted]; see Cardinal Holdings, Ltd. v Indotronix Intl. Corp., 73 AD3d 960, 962). "[A] release that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms'" (Inter-Reco, Inc. v Lake Park 175 Froehlich Farm, LLC, 106 AD3d 955, 955, quoting Alvarez v Amicucci, 82 AD3d at 688). "A valid general release will apply not only to known claims, but may encompass unknown claims, including unknown fraud claims, if the parties so intend and the agreement is fairly and knowingly made'" (Rivera v Wyckoff Hgts. Med. Ctr., 113 AD3d 667, 670-671, quoting Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]). "[A] signed release shifts the burden of going forward . . . to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (Davis v Rochdale Vil., Inc., 109 AD3d 867, 867 [internal quotation marks omitted]).
Here, the release broadly covers, inter alia, all claims by the plaintiffs against the defendants predating the release. Contrary to the plaintiffs' contention, the terms of the release clearly and unambiguously bar the first cause of action in the amended complaint, which is asserted against Anmuth and alleges a breach of the January 28, 2014, agreement. In addition, the plaintiffs failed to sufficiently allege each of the elements of fraud in the inducement, which would be required [*3]in order to set aside the release (see Centro Empresarial Cempresa S.A. v. América Móvil, S.A.B. de C.V., 17 NY3d at 278; Kulkarni v Arredondo & Co., LLC, 151 AD3d 705; Patterson v Calogero, 150 AD3d 1131, 1133). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the first cause of action of the amended complaint insofar as asserted against them.
The defendants' remaining contention is without merit.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court