Webster v Forest Green Apt. Corp. (2019 NY Slip Op 05580)





Webster v Forest Green Apt. Corp.


2019 NY Slip Op 05580


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-03993
 (Index No. 614137/17)

[*1]John A. Webster II, appellant, 
v
Forest Green Apartment Corporation, et al., respondents.


Law Offices of James C. Mantia, P.C., New York, NY, for appellant.
Schneider Buchell LLP, Garden City, NY (Marc H. Schneider and Thomas Bizzaro, Jr., of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of the implied warranty of habitability, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated February 26, 2018. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss so much of the complaint as alleged conduct that occurred after the date the parties executed a settlement agreement and release in a prior federal action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff is a proprietary lessee in a cooperative building owned by Forest Green Apartment Corporation (hereinafter Forest Green) and managed by Einsidler Management, Inc. (hereinafter Einsidler). In 2015, the plaintiff commenced a federal action against Einsidler, among others. He later amended his complaint, inter alia, to add Forest Green as a defendant. The parties settled that action, and the plaintiff released the federal defendants from "all actions, causes of action, suits, . . . and demands whatsoever, . . . which the [plaintiff] ever had" against the federal defendants "from the beginning of the world up to the date of this Agreement with respect to all claims made, or which could have been made" in the federal action.
The plaintiff subsequently commenced the instant action in the Supreme Court, Suffolk County, against Einsidler and Forest Green (hereinafter together the defendants), alleging that they had failed to correct various maintenance problems relating to his apartment and that these problems were ongoing. The defendants filed a pre-answer motion pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted the defendants' motion on the basis that, in the settlement agreement and release, the plaintiff had released the defendants from liability for the causes of action that he now asserted. The plaintiff appeals.
"In resolving a motion for dismissal pursuant to CPLR 3211(a)(5), the plaintiff's allegations are to be treated as true, [and] all inferences that reasonably flow therefrom are to be [*2]resolved in his or her favor" (Sacchetti-Virga v Bonilla, 158 AD3d 783, 784 [internal quotation marks omitted]). A defendant may move to dismiss a complaint in whole or in part based on release (see CPLR 3211[a][5]). "Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [internal quotation marks omitted]). "A release is a contract, and its construction is governed by contract law" (Kulkarni v Arredondo & Co., LLC, 151 AD3d 705, 706 [internal quotation marks omitted]). "[A] release that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms" (id. at 706 [internal quotation marks omitted]).
Here, the defendants established that the release barred so much of the instant action as was based on conduct that occurred prior to the execution of the settlement agreement and release (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d at 276; Kulkarni v Arredondo & Co., LLC, 151 AD3d at 706). Contrary to the plaintiff's arguments, he released the defendants not only from claims that he actually raised in the federal action, but from "all" claims that he "could have" asserted in the federal action (see Kulkarni vArredondo & Co., LLC, 151 AD3d at 706). The plaintiff could have raised the causes of action that are based upon conduct that occurred up to and including the date of execution of the settlement agreement and release which he now asserts in the federal action (see 28 USC § 1367[a]). However, the plaintiff correctly contends that the settlement agreement and release did not bar him from maintaining an action based on conduct that occurred after the execution of those documents (cf. Garron v Bristol House, Inc., 162 AD3d 857, 858-859; Sullivan v Keyspan Corp., 155 AD3d 804, 807). Accordingly, the Supreme Court should have denied that branch of the motion which was to dismiss so much of the complaint as alleged conduct that occurred after the execution of the settlement agreement and release.
The plaintiff's remaining contention is without merit.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court