Williams v Sowle (2022 NY Slip Op 05914)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Williams v Sowle

2022 NY Slip Op 05914

Decided on October 20, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 20, 2022

534525
[*1]Daria Williams, Respondent,
vJoshua Sowle, Appellant.

Calendar Date:September 13, 2022
Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Coughlin & Gerhart, LLP, Binghamton (Keith A. O'Hara of counsel), for appellant.
Gozigian, Washburn & Clinton, Cooperstown (Edward Gozigian of counsel), for respondent.

Egan Jr., J.
Appeal from an order of the Supreme Court (John F. Lambert, J.), entered December 7, 2021 in Delaware County, which denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff owned over 127 acres of real property in the Town of Franklin, Delaware County and became interested in selling a portion of it to defendant. In 2015, plaintiff obtained approval from the Town of Franklin Planning Board to subdivide the property. Plaintiff executed a July 2015 deed, prepared by counsel for defendant, purporting to convey the new parcel to defendant. After counsel for defendant learned from county tax officials that the property description in the deed was inconsistent with the parcel as approved, counsel alerted the parties to the situation and advised that they would need to clarify the description and that plaintiff would need to execute a corrected deed. Plaintiff thereafter executed a corrected deed in September 2015 that was recorded the following month.
In January 2019, plaintiff commenced this action seeking to "nullify[]" the conveyance due to a mutual mistake regarding the size of the parcel. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied defendant's motion, and he appeals.
We reverse. Although a conveyance of property is subject to recission if based upon mutual mistake, "it must be shown that the mistake in question is mutual, substantial, material and exists at the time the contract is entered" (Rodriguez v Mower, 56 AD3d 857, 858 [3d Dept 2008]; see Simkin v Blank, 19 NY3d 46, 52 [2012]; Matter of Walter, 180 AD3d 1201, 1203-1204 [3d Dept 2020]). Mutual mistake exists, in other words, where "the agreement as expressed, in some material respect, does not represent the meeting of the minds of the parties" (Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist., 81 NY2d 446, 453 [1993] [internal quotation marks omitted]; accord Simkin v Blank, 19 NY3d at 52-53).
Plaintiff alleges that a mutual mistake existed in that the parties agreed to a sale of 20 acres to defendant but that the corrected deed conveyed almost 39 acres of land. In his motion papers, defendant cast doubt upon whether plaintiff was actually mistaken as to the size of the parcel and made clear that, in any case, he did not share in any misunderstanding. He averred that plaintiff decided what she wanted to convey by travelling to the property with defendant and "eyeball[ing]" it with him and that, although she may have believed that such constituted 20 acres, he had "no idea" how many acres were involved. According to defendant, the Planning Board then advised the parties "that the subdivided parcel had to meet a certain depth and width," meaning that the parcel needed to be larger than the one that plaintiff "initially intended to subdivide," and that plaintiff agreed to proceed with the application for subdivision approval. Defendant also provided the June 2015 document [*2]in which the Planning Board approved the application and that document includes a handwritten notation describing the subdivided parcel as a square lot with "683 [feet of] frontage on Ceresna [Road]" and running "1974 [feet] deep." The acreage contained in that parcel is not noted, but there is no dispute that a parcel with those dimensions would contain approximately 31 acres of land.
Defendant subsequently retained counsel to draft the deed, and counsel provided an affirmation describing his involvement. Counsel for defendant explained, in particular, how he prepared the original deed from a sketch provided by the parties when he met with them, and both that sketch and the resulting deed describe a square lot running 1,794 feet by 683.82 feet. After counsel for defendant learned that the original deed did not accurately describe the subdivided parcel as approved and told the parties that they needed to clarify what was being conveyed, the unrepresented plaintiff "did not want to pay for a survey" and instead chose to execute a corrected deed with a different property description derived from a new sketch. The sketch and the corrected deed prepared by counsel are also annexed to the motion papers and, although plaintiff belatedly questions the point on appeal, those documents reflect that counsel relied upon the sketch in preparing a property description in the deed that lengthened one of the parcel's sides from 683 feet to 945 feet. Notably, neither the original nor the corrected deed specified how much acreage was being conveyed.[FN1]
The foregoing proof satisfied defendant's initial burden of showing that there was no mutual mistake with respect to the amount of property conveyed, shifting the burden to plaintiff to raise a material question of fact (see Sampson v Savoie, 90 AD3d 1382, 1383 [3d Dept 2011]). Plaintiff's efforts to do so were limited to providing the affirmation of her counsel, who cited statements in the minutes from a May 2015 Planning Board meeting that plaintiff was seeking subdivision approval for a parcel of "20ñ acres with . . . approximately 683 [feet of] frontage and 1,250-1,275 [feet of] depth," as well as that both she and defendant were contemplating a conveyance of "20 acres of land." Assuming that this affirmation was an appropriate "vehicle for the submission of documentary evidence" notwithstanding counsel's failure to provide the minutes themselves (Matter of People v Lutheran Care Network, Inc., 167 AD3d 1281, 1283 [3d Dept 2018]), the statements in the minutes failed to call into question the proof that the Planning Board required and subsequently approved a subdivision with a parcel larger than 20 acres, that defendant, at a minimum, was aware of that fact, and that both the original and corrected deeds thereafter executed by plaintiff conveyed a parcel larger than 20 acres. Moreover, even if plaintiff misunderstood the size of the parcel she ultimately conveyed in the corrected deed, she was bound by the contents [*3]of a deed she executed absent fraud or other wrongdoing by defendant that she does not suggest occurred, and any unilateral mistake on her part as to the acreage being conveyed by it "resulted from [her] negligence in failing to take the means readily accessible of checking" its property description (Da Silva v Musso, 53 NY2d 543, 551 [1981]; see Nowicki v Espersen, 63 AD3d 1696, 1697 [4th Dept 2009]; Shay v Mitchell, 50 AD2d 404, 408-409 [4th Dept 1976], affd for reasons stated below 40 NY2d 1040 [1976]; cf. Barnosky v Petteys, 49 AD2d 134, 135 [3d Dept 1975], appeal dismissed 38 NY2d 826 [1975], lv denied 39 NY2d 708 [1976]). Thus, as plaintiff "failed to submit admissible evidence to rebut this proof and reveal factual issues" as to the existence of a mutual mistake, defendant's motion for summary judgment should have been granted (Ivory Dev., LLC v Roe, 135 AD3d 1216, 1220 [3d Dept 2016]; see Young v Williams, 47 AD3d 1084, 1088 [3d Dept 2008]; Shay v Mitchell, 50 AD2d at 408-409; see also Shults v Geary, 241 AD2d 850, 852 [3d Dept 1997]).
In view of the foregoing, defendant's remaining contentions are academic.
Garry, P.J., Clark, Fisher and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion granted and complaint dismissed.
Footnotes

Footnote 1: Although the parcel approved by the Planning Board contained approximately 31 acres, our calculations reflect that the original deed conveyed a parcel containing approximately 28 acres of land, while the corrected deed conveyed a parcel with almost 39 acres of land. Plaintiff did not, however, seek to reform the deed to match the description of the parcel as approved in her amended complaint.